IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–43–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BRUCE ANTHONY GLASS, | |
| Defendant. | |

On December 8, 2023, Defendant Bruce Anthony Glass filed a pro se motion to reduce his 140-month federal sentence. (Doc. 165.) The Court construed the motion as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) and ordered the Federal Defenders of Montana to promptly locate conflict-free counsel to represent Glass. (Doc. 166 at 1–2.) Glass's projected release date is October 7, 2024. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed April 9, 2024). On March 11, 2024, appointed counsel filed a renewed motion. (Doc. 170.) The government opposes the motion. (Doc. 174.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of

1

Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

    Glass argues that his health concerns—including diagnoses of post-traumatic stress disorder, bipolar disorder, anxiety, and depression—amount to extraordinary and compelling circumstances that warrant early release.  (Doc. 171 at 7.)  Glass further argues that his familial circumstances, troubling childhood, and custodial rehabilitation support a reduction in sentence.  (*Id.* at 7–8.)  For the reasons discussed below, the Court denies the motion.

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

## I. Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On December 27, 2023, Warden J. Wadas denied Glass's administrative request for a reduction in sentence pursuant to the First Step Act. (Doc. 171-1.) As such, it appears as though Glass has exhausted his administrative remedies.

## II. Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant

presents the following circumstances—

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Glass argues that under USSG § 1B1.13(b)(1) he qualifies for compassionate relief because he suffers from post-traumatic stress disorder, bipolar disorder, anxiety, and depression. (Doc. 171 at 7.) Glass also argues that a sentence reduction is appropriate under USSG § 1B1.13(b)(3) because he witnessed nonstop violence growing up. (*Id.*) Lastly, Glass argues that he has been rehabilitated during his time in custody, which supports his other reasons for sentence reduction. (*Id.* at 8.)

The United States counters that Glass's medical diagnoses do not rise to the

level of extraordinary and compelling.  (Doc. 174 at 8.)  The United States also argues that Glass's argument that his rehabilitation supports early release is without merit, as Glass has had numerous violations during his time in prison.  (*Id.*)

The Court finds that Glass has not demonstrated extraordinary and compelling circumstances that warrant an early release.  Glass is being treated for his medical conditions while in custody.  (*See* Doc. 171-4 at 1–12.)  In addition, Glass has accumulated an extensive disciplinary record from his time in custody.  (*See* Doc. 171-2 at 1–4.)

### III.   Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.  *See* 18 U.S.C. § 3553(a)(1), (2).  Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants.  *See id.* § 3553(a)(4), (6).

On May 21, 2015, Glass was sentenced in this matter to a custodial sentence of 140 months to be followed by 5 years of supervised release after pleading guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846.  (Doc. 91.)

The offense conduct in this case involved Glass distributing methamphetamine in Montana communities.  (Doc. 96 at 6–14.)  In total, Glass was accountable for conspiracy to distribute over 10 pounds of methamphetamine.  (*Id.* at 13–14.)

Glass's total criminal history score was 22 at the time of sentencing, placing him in criminal history category VI.  (*Id.* at 30.)  His total offense level was 34, which included two two-level upward adjustments: one for being in possession of a dangerous weapon during the offense conduct and one for being an organizer, leader, manager, or supervisor in the offense conduct.  (*Id.* at 15.)  His offense level also included one two-level downward adjustment and one one-level downward adjustment for acceptance of responsibility.  (*Id.*)  Accordingly, Glass's guideline range was 262 to 327 months.  (*Id.* at 40.)  The Court departed downward and found that "based on . . . [Glass's] interest in changing his behavior . . . a sentence of 140 months is sufficient and consistent with the 3553(a) factors.  (Doc. 92 at 4.)  Therefore, the Court has already considered the 18 U.S.C. § 3553(a) factors in considering what is a sufficient but not greater than necessary

sentence for Glass.

The Court finds Glass's extensive criminal history, which includes multiple convictions for narcotics related offenses, aiding prostitution, and a felony firearm charge to be very concerning. The Court believes Glass presents a safety risk to the community. Glass has approximately six months remaining on his custodial sentence. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Glass has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence. The § 3553(a) factors support denial of Glass's request.

Accordingly, IT IS ORDERED that Glass's motions to reduce sentence (Docs. 165, 170) are DENIED.

DATED this 9th day of April, 2024.

_____
Dana L. Christensen, District Judge
United States District Court